UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 6, 2019

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Amy C. Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Virginia W. v. Berryhill*[1]
Civil No.: 8:17-cv-02403-GLS

Dear Counsel:

Pending before this Court, by the parties' consent, are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (ECF Nos. 12, 14). The Court must uphold the Social Security Administration's ("SSA" or "Agency") decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, I will deny both parties' motions, reverse the judgment in part, and remand for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on May 14, 2013, alleging that disability began March 14, 2013. (Tr. 15). This claim was initially denied on January 31, 2014, and upon reconsideration, denied again on June 5, 2014. (Tr. 88-90). Plaintiff's request for a hearing was granted and the hearing was conducted on May 6, 2016 by an Administrative Law Judge ("ALJ"). (Tr. 20). On August 3, 2016, the ALJ found that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act and denied Plaintiff's claims. (Tr. 15). On June 20, 2017, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

final and reviewable decision of the SSA. (Tr. 1–3). Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right of further review after the ALJ's decision becomes final and thus, filed her claim in this Court. (ECF No. 1).

## II. ANALYSIS TO BE PEFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process as set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin,* 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most a claimant could do despite their limitations, through consideration of Plaintiff's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

Here, the ALJ determined that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease, asthma, and fibromyalgia. (Tr. 17). Despite these impairments, the ALJ determined that Plaintiff retained the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except that she is limited to lifting and carrying up to 20lbs. occasionally and up to 10lbs. frequently; she can stand or walk for approximately six hours in an eight hour workday; she can sit for approximately six hours in an eight hour work day; she requires normal breaks; she can occasionally climb ladders, ropes, or scaffolds; she can occasionally balance or stoop; she can frequently kneel, crouch, or crawl; she must avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity; she must avoid moderate exposure to irritants such as fumes, odors, dust, and gases; and she must

2

>       avoid concentrated exposure to workplace hazards such as unprotected machinery and
>       unprotected heights.

(Tr. 18). Following the testimony of the vocational expert ("VE"), and based on Plaintiff's RFC, the ALJ presented hypotheticals that mirrored Plaintiff's impairments and concluded that Plaintiff had the ability to perform her past work as an administrative assistant and scheduler; therefore, Plaintiff was not disabled. (Tr. 20).

The issue before this Court is not whether the Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence. *Craig*, 76 F.3d at 589; 42 U.S.C. § 405(g). On appeal Plaintiff raises two arguments. Plaintiff first argues that the ALJ failed to set forth sufficient narrative to support his conclusion regarding her RFC. (ECF No. 12-1 at 5). Second, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints. (*Id.* at 6). Defendant counters that there is no genuine issue as to any material fact and that the SSA's final decision is supported by substantial evidence. (ECF No. 14-1 at 1).

**III.   DISCUSSION**

Plaintiff argues that the ALJ failed to provide an adequate explanation to support his decision regarding her RFC. (ECF No. 12-1 at 5; 9). Specifically, Plaintiff avers that, although the ALJ cited to her testimony and medical evidence, the ALJ's narrative does not logically link or tie the evidence to his RFC findings. (*Id.*). Thus, it is unclear how the ALJ came up with the limitations in Plaintiff's RFC. The SSA argues that, contrary to Plaintiff's argument, the ALJ properly evaluated Plaintiff's RFC and that substantial evidence exists within the record to support the ALJ's findings. (ECF No. 14-1, at 4-5).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has recently held that a "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, ___ F.3d ___, 2019 WL 193948, at *3 (4th Cir. Feb. 22, 2019). *See also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion.").

Here, the ALJ considered all opinion evidence and all symptoms, including the extent of those symptoms, which were reasonably acceptable as consistent with objective medical evidence and other evidence. (Tr. 18). Indeed, the evidence considered by the ALJ included two residual functional

capacity assessments by state agency consultants, to which the ALJ assigned "great weight." (Tr. 20; 62-70; 72-80). Consistent with the ALJ's RFC determination, each state agency consultant concluded that Plaintiff could occasionally lift 20 pounds, and frequently lift 10 pounds. (Tr. 62-70; 76-80). The consultants each found that Plaintiff could stand or walk for approximately six hours out of an eight-hour workday, as well as sit for the same durational period while only requiring normal breaks. (*Id*.). Each consultant determined that Plaintiff could occasionally climb ladders/ropes/scaffolds; occasionally balance or stoop; and she could frequently kneel, crouch or crawl. (*Id*.). As for environmental limitations, each consultant found that Plaintiff should avoid concentrated exposure to extreme cold, heat, wetness and humidity. (*Id*.). Plaintiff was to avoid moderate exposure to fumes, odors, dusts, and gases; as well as avoid concentrated exposure to hazards, such as machinery and heights. (*Id*.).

As the SSA rightfully argues, generally, "'an ALJ may satisfy the function-by-function analysis requirement by referencing a properly conducted analysis of state agency consultants.'" *Schlossnagle v. Colvin*, TMD-15-935, 2016 WL 4077672, at *8 (D.Md. Aug. 1, 2016) (quoting *Herren v. Colvin*, No. 1:15-cv-00002-MOC, 2015 WL 5725903, at *5 (W.D.N.C. Sept. 30, 2015)). This is "[b]ecause [an] ALJ [can] base[] his RFC finding, in part, on the function-by function analysis of the [s]tate agency consultant." (*Id*.) (citation omitted). Here, it is clear that the ALJ aligned Plaintiff's RFC to the assessments of the two state medical consultants. (Tr. 18; 20). However, the ALJ said that he took into consideration Plaintiff's lumbar degenerative disc disease, asthma, and fibromyalgia, as well as Plaintiff's November 2015 diagnosis of fatigue, sleep disturbance, migraines, irritable bowel syndrome, TMJ symptoms and very impressive tender points. (Tr. 19-20; 312). And, the ALJ also noted that he "added significant limitations to the residual functional capacity assessment to account for any limitations arising from [Plaintiff's] multiple health impairments." (Tr. 20).

Yet, after reviewing Plaintiff's RFC, I am unable to determine what significant limitations were actually added. With the exception of citing to Plaintiff's medical record from her November 2015 examination, the ALJ does not explain what other medical or non-medical evidence he credited, nor does he explain why he found Plaintiff's November 2015 medical record to support some "additional limitations" that he never described. *See Thomas v. Berryhill*, ___ F.3d ___, 2019 WL 193948, at *3 (4th Cir. Feb. 22, 2019) (noting importance of explanation component). In addition, the ALJ failed to explain what effect any of the unexplained additional limitations may have had on Plaintiff's RFC assessment, if at all, including her ability to perform sustained work activities eight-hours per day, for five days a week, or an equivalent schedule. *See* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Without a proper explanation as to how the facts and evidence led to the conclusions made by the ALJ, this Court is unable to complete its meaningful review. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (remand necessary where the ALJ fails to explain how evidence supports conclusion).

In urging against remand, the Agency contends that any deficiency in the ALJ's explanation is a harmless error. (ECF No. 14-1, at 7). Relying on *Shinseki v. Sanders*, 556 U.S. 396, 409-10, (2009), the Agency avers that the onus is on Plaintiff to explain how the ruling caused her harm, i.e., what additional limitations should have been incorporated in the RFC, which she failed to do. (*Id*.).

For an error to be harmless, it must not have prejudiced the claimant. *Thompson v. Colvin*,

No. TMD-13-3450, 2015 WL 1393562, at *8 (D.Md Mar. 24, 2015) ("[R]eversal is not required when the alleged error 'clearly had no bearing on the procedure used or the substance of the decision to be reached.'" (quoting *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n. 8 (4th Cir. 2004)). Thus, an error will prejudice a claimant if, absent the error, there is a realistic possibility that the ALJ would have reached a different conclusion. *Id*.

I find that the Agency's argument is unavailing. Although it is conceivable that the ALJ's omission of the additional limitations could be harmless error, this Court's ability to effectively engage in substantial evidence review requires a record basis for the ALJ's ruling. This undoubtedly must include those additional limitations. *See Thomas v. Berryhill*, ___ F.3d ___, 2019 WL 193948, at *3 (4th Cir. Feb. 22, 2019) (ability to conduct a "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."). On remand, the ALJ should not only include the significant limitations it added, but also provide a proper narrative discussion describing how the evidence supports the decision and build an accurate and logical bridge from the evidence to the conclusion.

Given that the case is being remanded on other grounds, this Court will not address Plaintiff's contention that the ALJ failed to perform any real assessment of the Plaintiff's credibility related to her subjective complaints. (ECF No. 12-1, at 6). On remand, the ALJ should consider to what extent Plaintiff's subjective complaints have on her credibility assessment and ensure that this explanation is contained within the record.

Despite remanding the case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 12), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 14), is DENIED. This case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge